IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARSHAL NDUKWE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-14-400 |
| § | |
| HSBC BANK USA, N.A., § | |
| AAG PROPERTIES, INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This is a dispute over a home mortgage foreclosure and attempted eviction. On January 21, 2014, the homeowner and mortgage borrower, Marshal Ndukwe, filed a second amended petition in state court, seeking actual damages. He sued the holder of the Note and Deed of Trust, HSBC Bank USA, N.A. ("HSBC"), and the purchaser at the foreclosure sale, AAG Properties, Inc., alleging state-law violations, including breaches of oral promises to modify the loan and to forebear from foreclosing while the loan-modification application was pending. The defendants timely removed on the basis of diversity jurisdiction, alleging that the nondiverse defendant, AAG Properties, was improperly joined. Ndukwe did not move to remand. HSBC moved to dismiss the complaint against both defendants, with prejudice. At a hearing, the court stated that based on the pleadings; the motion to dismiss, the response, and reply; and the applicable law, it would grant the motion to dismiss with prejudice. This memorandum and opinion explains the reasons for the ruling and, by separate order, enters final judgment.

**I.   Background**

The following background is taken from Ndukwe's latest pleading, his second amended state-court petition. (Docket Entry No. 1-2 at 51). Ndukwe purchased the home in Houston, Texas

on February 10, 2005.  (*Id.* ¶¶ 5–6).  HSBC later acquired the Note and Deed of Trust.  (*Id*. ¶ 7). Ndukwe encountered financial difficulties that led him to discussions with HSBC about possible ways to restructure the debt.  (*Id.* ¶ 8).  Ndukwe alleged that HSBC orally offered him a loan modification. (*Id.* ¶ 9).  Ndukwe gathered financial documents that HSBC asked for over the course of several months.  (*Id.*).  Ndukwe alleges that HSBC representatives told him that he "was not allowed to" make any mortgage payments while the loan modification application was being processed.  (*Id.*).  Ndukwe alleges that at his request, HSBC representatives "promised to confirm these agreements in writing," but he did not receive any written confirmation of any of these statements.  (*Id.*).

On October 1, 2013, HSBC foreclosed on Ndukwe's home and sold it to AAG Properties. (*Id.* ¶ 11).  Ndukwe alleged that "AAG wrongfully attempted to enter upon and dispossess him of his Property to evict him during the process leading up to and when filing it's Suit to Evict."  (*Id.* ¶ 12).  Ndukwe claimed that HSBC breached the alleged oral agreement not to foreclose on his home while the loan modification was being processed.  (*Id.* ¶¶ 14-15).  Ndukwe alleged that HSBC's statements that it would not foreclose during that period were fraudulent.  (*Id.* ¶¶ 17-18). Ndukwe also asserted a promissory-estoppel claim against HSBC.  (*Id.* ¶¶ 19-20).  Finally, Ndukwe asserts a trespass-to-try title claim against AAG.  (*Id.* ¶¶ 13-14).  The issues are whether this court has subject matter jurisdiction and, if so, whether to dismiss with prejudice.

**II.     Jurisdiction**

In its notice of removal, HSBC stated that AAG was improperly joined and that this court can exercise diversity jurisdiction over HSBC.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, L.P.*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Id.* (quotation omitted). The issue is whether the removing party has shown that the plaintiff has no reasonable basis for recovery against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). "If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of *all* defendants." *Cuevas*, 648 F.3d at 249 (citing *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 575). "A court may resolve the issue by conducting a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.

The petition alleges only one claim against AAG—trespass to try title. The trespass-to-try-title claim is not alleged against HSBC. The petition does not include any factual or legal allegations relating to AAG other than relating to the trespass-to-try-title claim. The other claims in the petition are alleged only against HSBC. The dismissal motion as to AAG does not apply to all the defendants.

"To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). "The pleading rules are

detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* It is undisputed that the property was purchased at a foreclosure sale. Ndukwe does not claim any defects in the foreclosure proceedings. Ndukwe has not asserted a valid trespass-to-try-title claim. He does not allege or argue that HSBC's interest in the property before foreclosure was invalid or unenforceable, or that the foreclosure sale was invalid. Nor does he allege that he could show superiority of title. *See Nguyen v. Federal Nat'l Mortg. Ass'n*, 958 F. Supp. 2d 781, 794 (S.D. Tex. 2013) (Rosenthal, J.) (granting summary judgment against a trespass-to-try title claim when the property was purchased at valid foreclosure sale and no evidence showed that the plaintiff had superior title); *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 751 (E.D. Tex. 2013) (dismissing a trespass-to-try-title claim when it was "undisputed that the Property was purchased at a [valid] foreclosure sale" and plaintiff "failed to produce summary judgment evidence of his superiority of title").

Ndukwe neither moved to remand nor challenged the contents of the notice of removal. Ndukwe responded only to the motion to dismiss the claim, asserting that his continued possession of the property was a sufficient basis to maintain the trespass-to-try-title claim. At the oral hearing, the court asked Ndukwe about the trespass-to-try-title claim, and he stated that he was no longer in possession of the home. Ndukwe did not allege or identify any reasonable basis to predict that he could recover on this claim in state court.

"In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex. App. – Corpus Christi 1978, no writ.). Because Ndukwe possessed the home when he filed his state-court petition and responded to the

motion to dismiss filed in this court, and because Ndukwe did not present any basis for a state court to find that the foreclosure sale itself was improper, there is no reasonable basis for this court to predict that Ndukwe can recover in state court against AAG Properties on a trespass-to-try-title claim. *See Hurd v. BAC Home Loans Servicing, L.P.*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (dismissing trespass-to-try-title claim with prejudice because the plaintiff still occupied the home).

HSBC has met its heavy burden of showing that AAG was improperly joined. Once the court determines a nondiverse defendant to be improperly joined, that defendant's citizenship is disregarded for the purpose of determining federal subject matter jurisdiction and the defendant is dismissed under Federal Rule of Civil Procedure 21. *See Parr v. Deutsche Bank Nat'l Trust Co.*, No. SA-13-cv-930 (XR), 2014 WL 358409, at *2 (Jan 30. 2014) (citing *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 347 (5th Cir. 2013) (per curiam)). This court has diversity jurisdiction over the claims against HSBC and AAG is dismissed, with prejudice. *See Scarlott v. Ocwen Loan Servicing, LLC*, No. 13-cv-2742, 2014 WL 109409, at *5 (Jan. 10, 2014) (dismissing defendant as improperly joined because of a deficient trespass-to-try-title claim).

**III.    Dismissal of the Claims Against HSBC**

    **A.    The Legal Standard for a Motion to Dismiss**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To withstand a Rule 12(b)(6) motion, a complaint must "contain enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "[T]he

pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 677. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* With respect to the fraud and fraudulent inducement claims, FED. R. CIV. P. 9(b) requires that Appellant "state with particularity the circumstances constituting the fraud." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing Fed. R. Civ. P. 9(b)). "'Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.'" *Id.* (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003)).

    **B.**    **Analysis**

        **1.**    **The Breach of Contract Claim**

HSBC moves to dismiss the contract claim arising from the alleged oral promises to modify the loan and not pursue foreclosure. HSBC invokes the statute of frauds. Under Texas law, "[a] loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b). "Loan agreement" means "one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." TEX. BUS. & COM. CODE § 26.02(a)(2). HSBC's alleged oral promises to modify the loan and to

defer foreclosure during loan modification are financial accommodations subject to the statute of frauds. The alleged oral agreements are unenforceable under the statute of frauds.

Ndukwe asserts promissory estoppel, but it is only a "narrow exception to the statute of frauds.'" *Miller v. CitiMortgage, Inc.*, No 3:11-cv-2786, 2013 WL 4766808, at *7 (N.D. Tex. Sept. 5, 2013) (quoting *Trammel Crow Co. v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997)). To establish promissory estoppel, the plaintiff must establish: (1) a promise; (2) foreseeable reliance on that promise by the promissee ; and (3) substantial detrimental reliance. *See Metropolitan Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998).

"For promissory estoppel to create an exception to the statute of frauds, there must have been a promise to sign a written agreement that had been prepared and that would satisfy the requirement of the statute of frauds." *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 29 (Tex. App. –Houston [14th Dist.] 2005, pet. den.) (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)); *see also Williams v. Wells Fargo Bank, N.A.*, No. 13-10233, 2014 WL 1044304 (5th Cir. Mar. 19, 2014) ("The claim that Wells Fargo said the Williamses had been approved for a modification . . . does not include an allegation that there was a modification agreement 'that had already been prepared or whose wording had been agreed upon that would satisfy the statute of frauds.'" (citing *1001 McKinney Ltd.*, 192 S.W.3d at 29; *Southmark Corp v. Life Investors, Inc.*, 851 F.2d 763, 769 (5th Cir. 1988)). "'A promise to prepare a written contract is not sufficient. The defendant must have promised to sign a particular agreement which was in writing at the time.'" *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-3828, 2011 WL 6250785, at *7 (S.D. Tex. Dec. 14, 2011) (Rosenthal, J.) (quoting *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 736, 741 (Tex. App. –Houston [14th Dist.] 1992, writ den.)). Because the agreement

that HSBC allegedly breached was not in writing when the oral promise was made, the promissory-estoppel exception to the statute of frauds does not apply.

Ndukwe also asserts a novel estoppel-by-waiver exception to the statute of frauds. He asserts that his claim is not that HSBC orally modified the loan agreement. "Instead, he is asserting a more limited claim that HSBC cannot assert that he is in default under the original loan because it was HSBC's representations that induced the default." (Docket Entry No. 9 at 1). Ndukwe argues that HSBC waived the right to assert the statute of frauds because it induced Ndukwe's default. Ndukwe relies on *Montalvo v. Bank of America Corp.*, 864 F. Supp. 2d 567 (W.D. Tex. 2012). Ndukwe's reliance on that case is misplaced.

First, in *Montalvo*, the court considered in dicta a "waiver exception" to the statute of frauds from the RESTATEMENT (SECOND) OF CONTRACTS. *Montalvo* expressly recognized that "Texas courts do not appear to have considered, much less adopted" the estoppel-by-waiver exception. *Id.* at 584. The *Montalvo* court invited further briefing on the theory and rejected it. *Montalvo v. Bank of America*, No 10-cv-360 (XR), 2013 WL 870088, at *8 (W.D. Tex. Mar. 7, 2013) ("The Court now determines that the representations are also unenforceable if they are construed as a unilateral promise not to foreclose.").

Second, the Texas statute of frauds precludes Ndukwe's position. The statute defines a loan agreement as any "combination [of promises, agreements, undertakings, deeds of trust or other documents or commitments] pursuant to which a financial institution . . . delays repayment of or agrees to . . . delay repayment of money," and requires those agreements to be in writing. TEX. BUS. & COM. CODE § 26.02(a)(2). Under Ndukwe's approach, any oral promise to delay repayment would waive the repayment obligation. Ndukwe's "waiver exception" would swallow the rule that

8

to be enforceable, a financial institution's promise to delay repayment of money above the statutory amount must be in writing.

Finally, a recent Fifth Circuit case weighs against Ndukwe argument. *See Milton v. U.S. Bank Nat'l Ass'n*, No. 12-49742, 2013 WL 264561 (5th Cir. Jan. 18, 2013) ("The district court held, and we agree, that because there was no written agreement to delay foreclosure, plaintiff's breach of contract claim is barred by the statute of frauds."). Other district courts have expressed skepticism about *Montalvo*'s musing on waiver-by-estoppel. *See, e.g., Powell v. Bank of America, N.A.*, 4:12-cv-512, 2014 WL 229305, at *5 n.1 (Jan. 21, 2014); *Wiley v. Wells Fargo*, No. 3:11-cv-1241-B (JJB), 2012 WL 1945614, at *6 (N.D. Tex. May 30, 2012).

The oral promises Ndukwe alleges do not waive the statute of frauds. Ndukwe's breach-of-contract claim is barred. Neither the promissory-estoppel exception to the statute nor a waiver exception applies. The breach-of-contract claim is dismissed. The dismissal is with prejudice because Ndukwe has previously amended without curing the deficiency and granting leave to amend again would be futile.

### 2. The Promissory-Estoppel Claim

Ndukwe also asserts a promissory-estoppel claim, relying on the same arguments. "[W]hen promissory estoppel is used to enforce a promise that would be unenforceable because of the statute of frauds, the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds." *George-Baunchand*, 2011 WL 6250785, at *8 (quotation omitted). Ndukwe does not claim that HSBC promised him that it would sign an existing written loan-modification agreement or foreclosure-deferral agreement. The promissory-estoppel claim is dismissed, with prejudice, for the reasons discussed above.

### 3. The Fraud Claim

"To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.,* 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex.2001)).

Fraud claims must also comply with the Rule 9(b) pleading requirements. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock,* 607 F.3d at 1032 (internal quotation marks omitted). The plaintiff "must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir. 2004) (internal quotation marks omitted). "Although Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris,* 27 F.3d 1097, 1102 (5th Cir. 1994). "The plaintiffs must set forth specific facts supporting an inference of fraud." *Id.*

Ndukwe claims that HSBC fraudulently misrepresented that it would not accept his mortgage payments while the loan was in modification status. HSBC argues that the complaint does not meet the specificity requirements of Rule 9(b). The fraud allegation states:

10

> In the alternative, the actions committed by HSBC constitute common law fraud because HSBC made false and material representations to Ndukwe when informing Ndukwe that he was not allowed to make any mortgage payments while in loan modification status. HSBC knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, HSBC made these representations with the intent that Ndukwe act on them and Ndukwe relied on these representations which caused Ndukwe's injury.

(Docket Entry No. 1-2, at 53 ¶ 18). The background section adds only the allegation that HSBC orally offered to modify the loan and that Ndukwe began obtaining and submitting documents at that time. But the complaint does not include any "who, when, and where" information about the alleged misrepresentations. Vague references to "HSBC representatives" and statements that these representations occurred in the months following the oral offering for a loan modification do not meet Rule 9(b). Ndukwe has not identified who made the three alleged fraudulent statements, when they were made, or where they were made. *Shandong Yinguang Chem. Indus.*, 607 F.3d at 1032; *see also Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 767 (N.D. Tex. 2013).

The court dismisses the fraud claim with prejudice because the briefing makes clear that these deficiencies cannot be cured. Although Ndukwe asserts that he will "be able to learn more through the discover process," he does not allege any of the type of information that would be available to him, such as when the alleged representations were made, where they were made, or the person to whom Ndukwe was speaking. (Docket Entry No. 9 at 3). Leave to amend would be futile.

## IV.     Conclusion

This court has federal removal jurisdiction, dismisses AAG Properties, and grants HSBC's motion to dismiss the complaint, with prejudice.  Final judgment is separately entered.

SIGNED on April 24, 2014, at Houston, Texas.

                                                Lee H. Rosenthal
                                                United States District Judge